PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUTHER JOHNSON, | ) | |
| | ) | CASE NO.  4:14CV1113 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL PUGH, Warden, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Luther Johnson, a federal inmate previously housed at the

privately-owned Northeast Ohio Correctional Center ("NEOCC") operated by Corrections

Corporation of America ("CCA"), filed the above captioned *in forma pauperis* civil rights action

against NEOCC Warden Michael Pugh, NEOCC physicians Drs. Rupeka and Kraker; and

NEOCC Assistant P.A. Danny Hall.  Plaintiff seeks a judgment that Defendants violated his

constitutional rights under the Due Process Clause of the Fourteenth Amendment by depriving

him of adequate medical care while he was a pretrial detainee at NEOCC, and money damages.

Plaintiff has also filed a request to proceed *in forma pauperis* (ECF No. 2).  For the reasons

stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### I.  Allegations in Plaintiff's Complaint (ECF No. 1)

Plaintiff alleges that in October 2013, while he was residing at NEOCC, he slipped and

fell in a puddle of water and sustained injuries to his knee and hip.  He was treated in the prison's

medical department.  Plaintiff was given "Tylenol[], an (X-Ray), and a Walker" and later,

(4:14CV1113)

crutches for his injuries.  ECF No. 1 at PageID #: 4, ¶¶ 7, 9.  Plaintiff alleges, however, "he has been denied appropriate medical care."  ECF No. 1 at PageID #: 5, ¶ 13.  In particular, he contends he was denied "necessary surgery for [his] knee and Hip injury" and that Defendants "have failed to provide any specialist care."  ECF No. 1 at PageID #: 5, ¶¶ 14-15.  Documents attached to the Complaint (ECF No. 1-1) indicate Plaintiff was seen numerous times at inmate sick call, "numerous x-rays [were] performed" with negative results, and that Plaintiff told medical staff he wanted an M.R.I. and was tired of receiving pills.  ECF No. 1-1 at PageID #: 12-13.  Plaintiff contends Defendants' conduct constitutes cruel and unusual punishment and violates due process.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

In order to state a claim upon which relief may be granted for purposes of 28 U.S.C. §1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to

---

[1]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(4:14CV1113)

state claim to relief that is plausible on its face.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal* , 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)).  That is, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  At this stage, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).  The Court need not, however, accept legal conclusions or unwarranted factual inferences.  *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000).

### III.  Law and Analysis

Because Plaintiff is a federal prisoner in the custody of the Bureau of Prisons, he cannot sue CCA and NEOCC for damages under 42 U.S.C. § 1983, which prohibits constitutional violations by defendants acting under color of state law.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court created a limited private right of action for damages against individual federal government officials who are alleged to have violated a citizen's constitutional rights under color of federal law.  *Id.* at 397. However, the Supreme Court has expressly held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens*.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001).  In *Malesko*, the Supreme Court declined to expand *Bivens* to provide a cause of action against a private prison corporation, reasoning that the purpose of *Bivens* was to

3

(4:14CV1113)

deter individual federal officers, not agencies, from committing constitutional violations.

Therefore, pursuant to *Malesko*, the plaintiff here has no claim upon which relief may be granted

against CCA and NEOCC under *Bivens*, and his complaint against CCA and NEOCC must

accordingly be dismissed pursuant to § 1915(e).[2]

Nor does Plaintiff have any viable *Bivens* claim against the individual defendants in their

individual capacities.  In *Minneci v. Pollard*, ---U.S. ----, 132 S.Ct. 617 (2012), the Supreme

Court held that a federal prisoner could not assert a *Bivens* claim against employees of a private

prison (such as the individual defendants Plaintiff names here) under the circumstances Plaintiff

alleges.  *Id.* at 623.  The Supreme Court held in *Minneci* "where, as here, a federal prisoner seeks

damages from privately employed personnel working at a privately operated federal prison,

where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that

conduct is of a kind that typically falls within the scope of traditional state tort law (such as the

conduct involving improper medical care at issue here), the prisoner must seek a remedy under

state tort law" and may not pursue relief under *Bivens*.  *Id.* at 626.  The Supreme Court stated it

had "found specific authority indicating that state law imposes general tort duties of reasonable

care (including medical care) on prison employees in every one of the eight States where

_____

[2]  To the extent Plaintiff asserts claims against the individual defendants in their official capacities, such claims must be dismissed under § 1915(e) as well because such claims against the individual defendants in their official capacities are necessarily construed as claims against CCA and NEOCC.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851-52 (N.D. Ohio 2007) (Wells, J.).  Because claims against CCA and NEOCC are barred, any potential claims against the individual defendants in their official capacities are also barred.

4

(4:14CV1113)

privately managed secure federal facilities are currently located," including Ohio.  *Id.* at 624-25,

citing *Clemets v. Heston*, 20 Ohio App.3d 132, 135-36 (1985).  Thus, *Minneci* clearly bars

Plaintiffs' constitutional claims against individual employees of a private prison for improper

medial care here.  Accordingly, Plaintiff has not stated a claim upon which relief may be granted

against the individual defendants under *Bivens*, and his complaint must also be dismissed against

the individual defendants pursuant to § 1915(e).

### IV.  Conclusion

Accordingly, the request to proceed *in forma pauperis* (ECF No. 2) is granted, and this

action is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief

may be granted.  The dismissal is without prejudice to any valid state law claim Plaintiff may

have under the facts alleged.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by

regular mail to Luther Johnson, # 59461-060, FCI Morgantown, Federal Correctional Institution,

P.O. Box 1000, Morgantown, West Virginia 26507.


IT IS SO ORDERED.


 February 27, 2015               */s/ Benita Y. Pearson*
Date                             Benita Y. Pearson
                                 United States District Judge

5